THE PEOPLE ex rel. WILLIAM H. DANNAT, Survivor, etc., Appellants, *v.* THE COMPTROLLER OF THE CITY OF NEW YORK et al., Respondents.

The relator, having a valid claim against D., a contractor, for building a school-house in the city of New York, procured from D. an order on the board of education-for the amount of his claim, to be paid out of a specified installment when it became due under the contract; the order was delivered to and retained by said board, which, when the installment

became due, made a certificate thereof, stating facts sufficient to consti-
tute a voucher, and transmitted the same to the comptroller with the
order attached. That officer paid the whole installment to D., disre-
garding the order. Upon application for a mandamus to compel the
comptroller to pay relator's claim, it appeared that he had previously
brought an action against the city to recover it, in which he was
beaten on the ground that he should have procured a draft from the
board of education, as required by the act of 1851 (chap. 386, Laws
of 1851), it not appearing that this had in fact been done. *Held*,
that the order operated as an equitable assignment of so much of
the fund as was specified therein; that a formal acceptance was not
necessary, but from the time of notice thereof the city became trustee,
for the benefit of relator, of that portion of the fund so assigned, and had
no right to convert or misappropriate it; that, by the payment to D., the
city became liable to relator for the amount assigned; and that he was
entitled, under the circumstances, to a mandamus requiring the comp-
troller to pay it from money appropriated to pay judgments or other
money furnished by the city for the purpose, a reasonable time being
given for that purpose.

Also *held*, that the fact that the misappropriation was made by the prede-
cessor of the present comptroller did not affect the relator's right to the
writ; that, in a case like this, where the city was liable for the wrongful
act of its officer, the court was not bound to regard a change of incum-
bents, as the city was bound to protect the officer from personal harm.

Where money in the treasury of a municipal corporation has been appro-
priated for a specific purpose, it is not in all cases a sufficient answer to
an application for a mandamus to compel its payment for that purpose,
to set up that it has been wrongfully applied to other purposs; it may
be regarded, in contemplation of law, as still in the treasury.

(Argued March 25, 1879; decided April 8, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, affirming an order of
Special Term, denying an application for a writ of man-
damus to compel defendant, the comptroller of the city of
New York, to pay a claim of the relator against the city.

The facts appear sufficiently in the opinion.

*John H. Hand*, for appellant. The order in suit and the
notice to defendants of its consideration and purpose operated
as an equitable assignment of the fund, and was not a bill of
exchange, or an instrument of that nature. (3 Kent's Com.,
74; Burr. L. Dict., title Bills of Exchange; Edwds. on

1879.]   THE PEOPLE ex rel. DANNAT v. COMPTROLLER.   47

Statement of case.

Bills, 143; *Schreyer* v. *Mayor, etc.*, 8 J. & S., 255; Story
on Bills, § 46; *Shaver* v. *W. Un. Tel. Co.*, 57 N. Y., 459;
*Parker* v. *City of Syracuse*, 31 id., 376.) Being an equit-
able assignment, it was not requisite that it should be accepted
in writing; notice of the assignment was sufficient. (*Parker*
v. *City of Syracuse*, 31 N. Y., 376; *Hall* v. *City of Buffalo*,
1 Keyes, 193; *Storer* v. *Sherman*, 3 id., 620; *Field* v.
*Mayor*, 2 Seld., 179; *Shuttleworth* v. *Bruce*, 7 Robt., 160;
*Brice* v. *Bannister*, 38 Law Times [N. S.], 739; *Att'y-Gen.*
v. *Cont. Life Ins. Co.*, 71 N. Y., 325.) An equitable assign-
ment of a part of a debt is valid. (*Taylor* v. *Bates*, 5 Cow.,
376; *Patteson* v. *Hall*, 9 id., 747; cases cited in *Morton* v.
*Naylor*, 1 Hill, 583; *Field* v. *Mayor*, 2 Seld., 179.) The
fact that the fund drawn upon was not already due at the
time of the order was immaterial. (*Crocker* v. *Whitney*, 10
Mass., 319; *Cutts* v. *Perkins*, 12 id., 211; *Clark* v. *Adair*,
cited in *Master* v. *Miller*, 4 T. R., 343.) The officers of the
department of public instruction were the proper parties to
receive the notice and order. (Laws of 1871, § 1233; *Field*
v. *Mayor*, 2 Seld., 179.) The notice and order were deliv-
ered to the officers of the department in due and proper
season. (Laws of 1873, 196, § 2; *Campbell* v. *Sun Ins. Co.*,
4 Bosw., 298; *Com. Bk. of Oswego* v. *Ives*, 2 Hill, 355.)
The city was liable and could not invoke the negligence or
criminality of its officers for its protection. (*Schreyer* v.
*Mayor*, 4 N. Y. Sup. Ct., 255; 66 N. Y., 656; *Dannat* v.
*Mayor*, 6 Hun, 88, and 66 N. Y., 585; *Lansing* v. *Van
Gorder*, 24 Mich., 456; *Campbell* v. *Polk*, 3 Iowa, 467;
*Hohl* v. *Westford*, 33 Wis., 324; *People* v. *Stout*, 23 Barb.,
338; *Risley* v. *Smith*, 64 N. Y., 570.)

*Francis Lynde Stetson*, for respondents. As neither the
board of education nor the city had accepted or agreed
to pay the relator's order, the city was not bound to pay it.
(8 J. & S., 255, 261.) There being no fund in the treasury
from which the order could be paid, the auditor could not
be required to audit it or the comptroller to pay it. (Laws

1873, chap. 335, §§ 34, 112 ; Tapping on Mandamus, 57 ; High on Mandamus, §§ 352, 363 ; *People* v. *Tremain*, 17 How. Pr., 142 ; *People* v. *Suprs. of Greene*, 12 Barb., 217.) If the order should be declared valid, it should be enforced by action against the city as an equitable assignment. (*N. Y. Bal. Dock* v. *Mayor, etc.*, 8 Hun, 247 ; *People* v. *Wendell*, 71 N. Y., 171.)

Church, Ch. J.    This controversy has been an unfortunate one for the relator.    He had a valid claim for about $1,300 against Dutch, a contractor for building a school-house, in the tenth ward of the city of New York, for lumber furnished for the same, and procured an order from Dutch upon the board of education for that amount to be paid out of the seventh payment to be made under said contract. This order was delivered to the board of education, and retained by it, and when the seventh payment became due, amounting to about $4,000, that board made a certificate thereof, stating all the facts necessary to constitute a voucher, such as the charter required to authorize the payment of money by the comptroller, and transmitted the same to the comptroller, with the order in favor of the relator attached thereto.    The comptroller paid the whole of said payment to Dutch, disregarding the order in favor of the relator.    This was a wrongful payment.    The order operated as an equitable assignment of so much of the fund as was specified in it.    (Edwards on Bills, § 143; *Parker* v. *City of Syracuse*, 31 N. Y., 376; *Hall* v. *City of Buffalo*, 1 Keyes, 193; *Stover* v. *Sherman*, 3 id., 620; *Field* v. *Mayor, etc.*, 2 Seld., 179; *Attorney-General* v. *Life Insurance Co.*, 71 N. Y., 325.)    A formal acceptance was not necessary, but notice of the assignment was sufficient, and from the time of such assignment and notice the city became the trustee of so much of the fund as was thus assigned to the relator for his benefit, and had no right to convert or misappropriate it. (Id.)    By paying it to Dutch the city became liable to the relator for the amount, and the only question is

whether a mandamus will lie. The question has become somewhat complicated by the various litigations which ensued. The relator commenced an action in the Supreme Court against the city, and prosecuted it through all the courts, including this court,* and was defeated upon the ground that he should have procured a draft from the board of education upon the comptroller, as required by the act of 1851. This it is now conceded was a misapprehension, not on the part of the courts, but arising from the omission to state the facts in the record. The charter of 1873 requires only a proper voucher to authorize the comptroller to pay out public money, including school money. The counsel for the city in his brief in this case says: "When this case (the former action) was before the court, the record did not show that the board of education had already given the only voucher that was necessary to authorize the comptroller to pay the Dannat claim if it was a valid claim." And in a subsequent action by the relator against the board of education, the Supreme Court decided against him upon the ground, that that board had already discharged its whole duty, by delivering the certificate, that the seventh payment was due, with the order attached to the comptroller. (Opinion by DAVIS, P. J., MSS.)† In the meantime one Schreyer obtained an assignment of the eighth and last payment on said contract, and the city refused to pay it to him without deducting the amount of the relator's claim. That case came to this court‡ and was decided against the city, not upon the ground that no liability was created against the city by the order, with notice of the same as Judge DANIELS seems to have inferred, in his opinion in this case, but upon the ground that Dannat had no claim or title to the eighth payment, but only to a portion of the seventh payment. The only contention which the city now makes is that a mandamus would be unavailing, as there is no money to pay the claim, under the control of the comptroller, and that an action is the appropriate remedy.

* 66 N. Y., 585.    † Mem. of decision, 12 Hun, 673.    ‡ Mem. of decision, 66 N. Y., 656.
SICKELS — VOL. XXXII.    7

If an action was brought, I do not see why the former judgment would not be a bar, and unless this proceeding is sustained the relator is probably remediless against the city, and its officers.

It is a general rule that the writ of mandamus will not be awarded when it appears that there are no funds out of which the warrant can be paid if drawn. (High on Remedies, § 352.) But when money has been appropriated for a specific purpose it is not in all cases a sufficient answer to an application for a mandamus to compel its payment for that purpose to set up that the money has been wrongfully applied to other purposes. It may be regarded in contemplation of law, as still in the treasury. (*People* v. *Stout*, 23 Barb., 338, by Davis, J.; *Hohl* v. *Town of Westford*, 33 Wis., 324; *Campbell* v *Polk*, 3 Iowa, 467; *Lansing* v. *Van Gorder*, 24 Mich., 456; *Risley* v. *Smith*, 64 N. Y., 570.)

It is objected however that this principle should not be applied in this case as the misapplication of the money was made by the predecessor of the present incumbent of the office of comptroller, and it is urged that there is a hardship in awarding the writ which might result in personal consequences to one public officer when the fault was committed by another.

The office of comptroller is a continuous office, and in a case where the city is liable for the wrongful act of its officer, the court is not bound to regard a change of incumbents, as the city is under an obligation to protect the officer against personal harm by furnishing the money necessary to relieve him. There are often appropriations applicable to the payment of judgments against the city, and under the exceptional circumstances of this case, we think that such money may be properly used to satisfy this demand. It may well be held that the city is estopped from insisting upon a remedy by action which it has deprived, or contributed in depriving the relator of. (*Risley* v. *Smith*, 64 N. Y., 570.) It is not creditable to the administration of justice under the circumstances developed that the relator should be

defeated entirely in enforcing a claim which is admitted to be both legal and just ; nor is there any rule of law violated in affording relief in this proceeding.

We think that the order of the Special and General Terms should be reversed, and a writ awarded to the comptroller to pay the relator's claim. This he may do by paying it from money appropriated to pay judgments, or any other money which the city may furnish for that purpose, and a reasonable time to do this should be afforded, and if necessary the court might require a proper delay to prevent any personal inconvenience.

We think that the litigation should be terminated, and the order before indicated, granted.

All concur, except FOLGER and RAPALLO, JJ., not voting.

Ordered accordingly.