The complaint, therefore, is dismissed, with costs.

---

NOYES F. PALMER, Respondent, *v.* THE CITY OF BROOKLYN, Appellant. (Two cases.)

(City Court of Brooklyn — General Term, February, 1895.)

Where the city accepts the services of a surveyor in street opening proceedings after due employment, it cannot avoid liability therefor by appeal to section 6 of title 19 of the charter, where it has, by affirmative action, rescinded and discontinued such proceedings, and thus prevented the possibility of levying and collecting an assessment therefor on the property benefited by the proposed improvement.

*Palmer* v. *City of Brooklyn*, 10 Misc. Rep. 592, affirmed.

APPEALS from interlocutory judgments in favor of plaintiff, overruling demurrers to the complaints in each action.

*Albert G. McDonald*, for appellant.

*John P. Adams*, for respondent.

VAN WYCK, J.   It appears from the complaint in each of these actions that plaintiff sues to recover compensation for making for the city the necessary maps required in the proceedings to open a street under the charter (Laws of 1888, chap. 583, tit. 19); that the defendant employed the plaintiff to make the maps at the proper stage of the proceedings, which maps he duly made and delivered to defendant, and that the amount claimed for such services is fixed by the ordinances of the city; that defendant thereafter, and before the assessments were imposed, rescinded the resolution directing and authorizing the proceedings, and thereby abandoned and discontinued them while in their incomplete condition.

The contention of appellant is that the city is specially exempted from all liability for any expense incurred in open-

ing streets (Id. § 6), and that plaintiff must look to the lien of the assessment for such expenses upon the property benefited by the new street. Id. § 1. It was the manifest intention of the legislature to declare in these provisions that the city shall not be primarily liable for any of the expenses incurred for the opening of streets, provided the city pursued the proceedings to completion in duly levying and collecting the assessments therefor. When the city accepts such work after employment, it cannot avoid liability to such surveyor by an appeal to section 6, if it has, by affirmative action, rescinded and discontinued the proceedings, and in this way prevented the possibility of levying and collecting an assessment for such expenses upon the property to be benefited by such street opening.

This view seems to us to be fully sustained by the authorities. *Payne* v. *Brooklyn*, 52 Hun, 390; *Weston* v. *Syracuse*, 31 N. Y. Supp. 186; *Reilly* v. *Albany*, 112 N. Y. 30–42; *Sage* v. *Brooklyn*, 89 id. 189; *McCormack* v. *Brooklyn*, 108 id. 49.; *Donnelly* v. *Brooklyn*, 121 id. 9.

Judgments affirmed, with costs.

OSBORNE, J., concurs.

Judgments affirmed, with costs.