LEMIEUX v. ENGLISH et al.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

1. MECHANICS' LIENS—ABANDONMENT OF CONTRACT—SUBCONTRACTOR'S LIEN.
    A subcontractor is not entitled to a lien where the building contract was entire, and the contractor abandoned the work before completion.
2. SAME—ADVANCES TO CONTRACTOR.
    A subcontractor has no lien on account of payments made to the contractor after notice of a lien claim was filed, where the contract was entire, and the contractor afterwards abandoned the work before completion, since no liability of the owner to the contractor ever accrued.

Appeal from Tenth district court.

Action by Zephirin Lemieux against Michael English, Thomas J. McLaughlin, and Lewis Z. Bach to foreclose a mechanic's lien, the lien having been discharged before suit by a deposit of the amount claimed. From a judgment entered on a decision of the trial justice in favor of plaintiff, defendants McLaughlin and Bach appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob M. Guedalia, for appellants.
Ovide Robbillard, for respondent.

BISCHOFF, J.　The judgment against the defendant owners is without support in the evidence, and should be reversed. The notice of lien was filed August 9, 1895, and from unchallenged and sufficient evidence the justice below found that the plaintiff was employed by the defendant English, the contractor, to do certain carpenter work upon a building of which the defendants McLaughlin and Bach were the owners, and that, when the lien was filed, there was due and owing to the plaintiff from English $57.75 as and for the fair and reasonable value of the work done. It remained, however, for the plaintiff to show, as essential to the validity of the lien claimed, that, at the time of the filing of the notice of such claim, there was due and owing to the contractor, or that thereafter there accrued to the contractor, from the owners, a sum applicable towards the satisfaction of the debt owing from the contractor to the plaintiff (Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; French v. Bauer, 134 N. Y. 548, 32 N. E. 77; Foshay v. Robinson, 137 N. Y. 134, 32 N. E. 1041; Kelly v. Bloomingdale, 139 N. Y. 343, 34 N. E. 919; Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638; Mechanic's Lien Law, Laws 1885, c. 342, § 1, as amended by Laws 1888, c. 316); and hereof the evidence utterly failed.

English had assumed to do all the carpenter work, and the appellants had assumed to pay him therefor $1,200, but when and how such payment was to be made did not appear. The contract was therefore an entire one, and the appellants would not owe English any part of the sum agreed to be paid by them until he had at least substantially performed the contract upon his part; such performance being a condition precedent of his right to payment. The only evidence bearing upon the question of English's performance was introduced in the appellants' behalf, and was to the effect that on or about September 12, 1895, about one month subsequent to the filing of the plaintiff's notice of lien, when the work contracted for was only about half done, and after he had been paid $750 on account of the contract sum, English abandoned the contract, and that thereafter the work was completed by the appellants at a cost to them exceeding the sum which would have accrued to English upon substantial performance, after deducting the payments on account, by about $235. It further appeared that, of the $750 received by English, $129 were paid to him some time between August 2d and September 12th, and from that circumstance we are asked to conclude that the last-mentioned sum was actually due and owing to him at the time, and, if paid after the date of the filing of the plaintiff's notice of lien, is available to the plaintiff (Foshay v. Robinson, supra); but the notice of lien was not filed until August 9th, and the evidence last above alluded to is obviously insufficient to authorize a finding that the $129 were paid after that date. As to payments before his notice of lien was filed, the appellants encountered no risk of liability to the plaintiff if such payments were, when made, due and owing, or were not mere advances. However, observing the apparent terms of the

appellants' contract with English,—that the former were only to pay the sum agreed upon the latter's substantial performance of the work he assumed to perform,—the only permissible inference with regard to the payments actually made is that they were voluntary upon the part of the appellants; that is to say, in the nature of advances on account of the sum thereafter to accrue, but which never did accrue. Our conclusion upon the merits of the plaintiff's claim of a lien, adversely to him, obviates the need of discussion of other alleged errors which are assigned for reversal.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.