(20 Misc. Rep. 105.)

### KEAVEY v. DE RAGO et al.

(Supreme Court, Appellate Term.   April 26, 1897.)

MECHANIC'S LIENS—FORECLOSURE—PROCEDURE IN COURT NOT OF RECORD.
The requirement that a subcontractor suing to foreclose his lien must prove an indebtedness from the owner to the contractor is not dispensed with where the action is brought in a court not of record, by Laws 1885, c. 342, § 9, which provides that the complaint in such case "must set forth substantially all the facts contained in the notice of lien filed   *   *   * and the substance of the contract."

Appeal from First district court.

Action by Michael Keavey against Raffaele De Rago and others to foreclose a mechanic's lien.   There was a judgment in favor of plain-tiff, and defendants appeal.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William E. Cook, for appellants.

J. R. Bowen, for respondent.

BISCHOFF, J.   The plaintiff, a subcontractor, brought this ac-tion to foreclose a mechanic's lien, claimed by him for work, labor, and services performed, and material furnished, in and about the premises of which the defendants were the owners, such services and material having been rendered and supplied at the request of the J. H. Furber Company, the party with whom the defendants had contracted for the performance of work upon the premises, in the course of which work the plaintiff was employed.   At the trial proof was given of the due filing of the notice of lien by the plain-tiff, and his claim against the J. H. Furber Company was supported by the evidence adduced, but in no way did he attempt to show that any amount was due to the principal contractor from the de-

fendants, and in this condition the case was submitted to the justice for determination; the defendants having offered no evidence, and having taken the position, by proper motion, that the proof was insufficient to support a recovery. The justice found for the plaintiff, and the question brought before us upon this appeal is whether a subcontractor's claim to a lien may be upheld without proof that the owner is indebted to the contractor, where the action to foreclose the lien is brought in a court not of record.

With regard to the general aspect of this question, there can be no room for dispute that the policy of the mechanic's lien law, as determined by judicial construction, is to enable a subcontractor to look to the owner, or to the property itself, for satisfaction of his claim, only when the owner is actually indebted to the contractor on account of the work done upon the premises, since the act provides (section 1) that the owner "shall not be liable to pay by reason of all the liens filed pursuant to this act a greater sum than the price stipulated and agreed to be paid in such contract," etc.; the contract alluded to being the owner's contract with the principal contractor. The lien acts prior to that now in force (chapter 342, Laws 1885, amended by chapter 316, Laws 1888) contained the same provisions, substantially, as that above cited (see chapter 513, Laws 1851, amended by chapter 404, Laws 1855; chapter 315, Laws 1878); and under these statutes, as well as under the present act, the course of adjudication has been uniformly to the effect that the subcontractor's lien depends for its validity upon the owner's indebtedness to the contractor (Smith v. Coe, 29 N. Y. 666; Crane v. Genin, 60 N. Y. 127; Gibson v. Lenane, 94 N. Y. 183; Post v. Campbell, 83 N. Y. 282; Foley v. Alger, 4 E. D. Smith, 719; Cox v. Broderick, Id. 721; Ferguson v. Burk, Id. 760; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Lemieux v. English, 19 Misc. Rep. 545, 43 N. Y. Supp. 1066). So, too, since the validity of the lien was made to depend upon such state of the owner's indebtedness, the courts have consistently held that it was for the subcontractor, the plaintiff, to prove the fact that there was an amount due the contractor,—at least at the time of the trial. See Foley v. Alger, Cox v. Broderick, Ferguson v. Burk, Van Clief v. Van Vechten, and Lemieux v. English, supra.

In Van Clief v. Van Vechten, 130 N. Y., at page 580, 29 N. E. 1019, it is said:

"The plaintiffs claim through the contractor, and if the payment was not due as to him it was not due to them. They are under the same obligation to prove performance, and to the same extent that he would be. Their rights as lienors are measured by his rights under the contract."

The law as to the nature of the subcontractor's lien, and as to the proofs required of him when seeking to substantiate it, is thus well settled; but it is claimed that the statute of 1885, in so far as it deals with an action brought by the subcontractor in a court not of record, has changed the rule, and that, upon the trial of such an action, proof of an indebtedness by the owner to the contractor need not be given in support of the plaintiff's case. This contention is founded upon sections 9 and 11 of the act of 1885

(chapter 342), which we proceed to consider. As material, section 9 is framed as follows:

"An action to foreclose a lien, provided for in this act, may be brought in a court not of record, which would have jurisdiction to render a judgment in an action upon a contract for a sum equal to the amount of the lien. * * * The complaint must set forth substantially all the facts contained in the notice of lien filed * * * and the substance of the contract."

The argument for the plaintiff is that, since the statute has thus expressed the requirements of pleading in an action of this character, when brought in a court not of record, no further averments need be contained in the complaint, and that, because the notice of lien is not expressly required to set forth the fact of an indebtedness by the owner to the contractor (section 4 of the act), no proof of such fact is essential to the cause of action which, as required to be alleged, is apparently founded upon the notice of lien. It may be conceded that a complaint framed in accordance with the statute could be upheld in the court not of record, as against a motion by the defendant for its dismissal for insufficiency. The act has set forth what must be alleged to entitle the plaintiff to go to trial, and we cannot well infer an intention of the legislature that more should be required than it has expressed. "Expressio unius est exclusio alterius." Granting this, no reasonable construction of the statute in question would operate to give the plaintiff a stronger cause of action in a court not of record than he would have upon the same state of facts in a court of record. The cause of action, which the act renders enforceable in all courts, is given only by the statute, and the elements of the cause are prescribed, at once, by provisions generally applicable to whatever means of enforcement may be permitted. A subcontractor or material man has the right to bring an action of this character against the owner when he has duly filed the prescribed notice of his claim. He thus obtains his standing in court and his right of priority as a lienor, being possessed of a "lien," as the statute expresses it (section 1); but this filing of the notice is no more than a formal statement of the claim, and, to make the lien effectual as against the owner, the claim must be substantiated by proof that it is based actually upon a valid demand. Such the subcontractor's lien is only when there is an indebtedness by the owner to the contractor (cases supra), and the cause of action which the statute gives him is founded upon that indebtedness. As plaintiff in a court not of record, the subcontractor is called upon to allege no more than he set forth in his claim of a lien for his labor and "the substance of the contract" with his immediate contractor (section 9); but his cause of action is the same, whatever the forum, being founded upon the general provisions of the act, and, but for a valid lien based upon proof of a fund to which it may attach, the cause of action is nonexistent.

Mindful of the laxity of pleading which obtains in courts not of record, we readily find reason for some statutory regulation as to the essential averments in such courts, where the action depends to a great degree upon the identification of the property to be affected, as in actions like the present. In general the complaint interposed in these tribunals lacks much particularity as to the subject of the

litigation, yet it is still sufficient to tender the issue, under prevailing statutory provisions. Thoroughness of detail in pleading is not usually afforded, nor is it required by statute, unless, perhaps, in certain cases where the parties elect to plead according to the general rules. Code Civ. Proc. § 2940; Consolidation Act, Laws 1882, c. 410, § 1347. When construing a statute, the court must seek to arrive at the legislative intent, having regard to the particular situation which is apparently sought to be changed, and a reasonable interpretation of the words used must be resorted to, in order that the purposes of the act may be carried out. 23 Am. & Eng. Enc. Law, pp. 319, 320; People v. Allen (handed down herewith) 45 N. Y. Supp. 74. To assume that section 9 of this statute intended that the alleged lienor should recover from the owner (a stranger to the lienor's contract) merely upon proof of a claim against the contractor for work done upon the particular premises, when the action is brought in a court not of record, would do violence to the general provisions which the legislature has adopted for all such cases, in the interests of justice to the party against whom the claim is made. This assumption we need not make, since a reason for the particular provision in question made, in harmony with the general purposes of the act, is found, as we have said, in the customary incompleteness of the pleadings in these courts, which are thus required to be to some degree more definite when an action of this character is brought. We are led to this interpretation the more strongly by the provisions of section 11 of the statute, applicable to judgments by default in courts not of record. This section provides that judgment may be entered by the plaintiff, upon the defendant's default, where proof is given of the service of the summons and complaint, but, it proceeds:

"Except that the execution shall direct the officer to sell the right, title and interest of the owner, or other person in interest as aforesaid in the premises upon which the claim set forth in the complaint was a lien at the time of filing the notice of lien prescribed in the fourth section of this act."

As we have seen, the claim set forth in the notice filed by the subcontractor is no lien unless further founded upon an indebtedness by the owner to the contractor, and therefore the obvious construction of section 11 is that, while the plaintiff is called upon, strictly, to allege no more than the formal making of the claim, a judgment taken by default upon a complaint so framed is ineffectual, there being no appropriate averments that when the claim was made there was also a valid lien. Our construction of sections 9 and 11 of this statute must be that the subcontractor plaintiff in a court not of record, although not bound to allege the existence of an indebtedness by the owner to the contractor, cannot recover unless he furnishes proof that there was some such an amount due to which the lien could attach. This proof the plaintiff failed to supply, and his recovery was without warrant, and is well assailed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.