### KIRSCHNER v. MAHONEY.

(Supreme Court, Appellate Term. November 24, 1903.)

1. MECHANICS' LIENS—ENFORCEMENT BY SUBCONTRACTOR—PAYMENT TO CONTRACTOR.

In an action by a subcontractor to enforce a lien, plaintiff must prove an indebtedness by the owner to the contractor.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 285, 506.]

2. SAME—EVIDENCE—JUDGMENT FOR DEBT.

Where, in an action by a subcontractor to enforce a lien, the evidence was vague as to who was his debtor for goods sold and delivered, a personal judgment might not be rendered by modification under Code Civ. Proc. § 3412, providing that, if a lienor shall fail to establish a lien, he may recover judgment for what is due him or which he might recover in an action on a contract against any party to the action.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by August Kirschner against Robert J. Mahoney. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Claude Cignoux, for appellant.
Daniel S. Decker, for respondent.

MacLEAN, J. The plaintiff failing to prove, as was necessary, an indebtedness by the owner to the contractor (Keavey v. DeRago, 20 Misc. Rep. 105, 45 N. Y. Supp. 77), in his action to foreclose a mechanic's lien, was not entitled to judgment therefor (Madden v. Lennon, 23 Misc. Rep. 704, 52 N. Y. Supp. 8), and, the evidence being vague as to who is his debtor for goods sold and delivered, a personal judgment may not by modification be rendered, under the provisions of section 3412 of the Code of Civil Procedure. The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.