(110 App. Div. 30)

PEOPLE ex rel. ROHR v. OWENS, Village Treasurer.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

MUNICIPAL CORPORATIONS—FISCAL MANAGEMENT—PAYMENT OF DEBTS—APPROPRIATION OF MONEY—DIVERSION.

Where the amount of a draft drawn by a village payable to relator was included in a tax levy, and the money raised for the payment of the draft came into the hands of the then village treasurer, such money would be considered as appropriated for the specific purpose of paying the draft, and would be regarded as still in the treasury applicable to such purpose, notwithstanding it had in fact been diverted to other purposes and never came into the hands of respondent, who was such treasurer's successor.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1878.]

Appeal from Special Term, Westchester County.

Mandamus by the people, on relation of Andrew Rohr, against James Owens, as treasurer of the village of Ossining. From an order granting the writ, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frank L. Young, for appellant.
Smith Lent, for respondent.

JENKS, J. The relator holds a draft, which reads:

"No. 988.                           Ossining, N. Y., October 1, 1903.
"Treasurer of the Village of Ossining, pay to the order of Andrew Rohr One Thousand Dollars with legal interest on account of litigation.
"$1,000.
"J. M. Terwillinger, Clerk.                    Abram Hyatt, President."

After delivery of the draft the village of Ossining, in its tax levy for the year 1903, included an amount necessary to pay it, and the

money was raised and came into the hands of the then village treasurer, whose term expired in March, 1904. On October 7, 1904, payment was demanded of his successor, who refused it, whereupon this proceeding was brought against him.

The learned counsel for the appellant states in his printed points:

"The money which was raised for the purpose of paying said draft was diverted from its proper purpose to the payment of other drafts."

And no part of the money came into the official hands of the present treasurer. His contention is that under such circumstances this proceeding will not lie. As the money was raised and appropriated for a specific purpose, I think that the eye of the law still regards it as in the treasury, and applicable to the discharge of the draft; and that this case must be decided upon the authority of People ex rel. Dannat v. Comptroller, 77 N. Y. 45. See, too, People ex rel. Pennell v. Treanor, 15 App. Div. 508, 44 N. Y. Supp. 528.

The final order is affirmed, with costs. All concur. Order to be settled before JENKS, J.