(109 App. Div. 189.)

CITY OF UTICA v. BOARD OF SUP'RS OF ONEIDA COUNTY.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1905.)

TAXATION—DISTRIBUTION OF TAXES—CONSTRUCTION OF STATUTES.

> Tax Law, art. 2, § 24 (Heydecker's Gen. Laws, p. 1862a, c. 24, as amended by Laws 1901, p. 1352, c. 550), provides for the assessment of taxes on bank stock, and authorizes the distribution and apportionment of such taxes between the "town, city, village, school and other tax districts," in the respective counties in which the stock is taxable.   Section 2 of the tax law (Heydecker's Gen. Laws, p. 1851) defines a "tax district" as a political subdivision of the state, having a board of assessors authorized to assess property for state and county purposes.   *Held* that, conceding that village and school districts are not statutory tax districts, because they have no officials authorized to assess property for taxation, the words "other tax districts" nevertheless refer to statutory tax districts, and a county is not such a district as to be entitled to taxes collected on bank stock.

Submission of controversy by the city of Utica against the board of supervisors of Oneida county on an agreed statement of facts. Judgment for plaintiff.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

William Townsend, for plaintiff.

Thomas D. Watkins, for defendant.

HISCOCK, J.   A consideration of the facts presented and of the statutory provisions applicable thereto leads us to the conclusion that plaintiff's contention is the correct one, and that it is entitled to the judgment which it seeks.   Pursuant to the provisions of the tax law (chapter 24, p. 1850, Heydecker's Gen. Laws), as amended by chapter 550, p. 1350, of the Laws of 1901, there was assessed and collected upon shares of stock of banks located in the city of Utica the sum of $37,568.44.   The board of supervisors, claiming to act under the statute providing for the distribution of this sum, apportioned to the county of Oneida the part thereof herein in dispute of $8,734.45.   The statute (Laws 1901, p. 1351, c. 550) which should have controlled its action, and which, in our opinion, entitled the city of Utica, rather than the county of Oneida, to these moneys, after providing for the assessment, levy, and collection of taxes upon bank stock, reads as follows:

"The tax hereby imposed shall be distributed in the following manner: The board of supervisors of the several counties shall ascertain the tax rate of each of the several town, city, village, school and other tax districts in their counties, respectively, in which the shares of stock of banks and banking associations shall be taxable, which tax rates shall include the proportion of state and county taxes levied in such districts, respectively, for the year for which the tax is imposed, and the proportion of the tax on bank stock to which each of said districts shall be respectively entitled shall be ascertained by taking such proportion of the tax upon the shares of stock of banks and banking associations, taxable in such districts, respectively, under the provisions of this act as the tax rate of such tax district shall bear to the aggregate tax rates of all the tax districts in which said shares of stock shall be taxable.   The said board of supervisors shall issue their warrant or order to the county treasurer on or before the fifteenth day of December in each year, setting forth the number of shares of bank stock taxable in each town,

city, village, school and other tax district in said county, in which said shares of stock shall be taxable, the tax rate of each of said tax districts for said year, the proportion of the tax imposed by this act to which each of said tax districts is entitled, under the provisions hereof, and commanding him to collect the same, and to pay to the proper officers in each of such districts the proportion of such tax to which it is entitled under the provisions of this act."

It is stipulated that the city and town of Utica shall be considered and treated as though there was no division of funds into city and town funds, and that a claim in regular form has been presented by plaintiff against defendant for the amount here demanded. Defendant's assertion of right seems to rest upon the meaning and interpretation of the words "tax districts" in the provisions just quoted, directing the collection and distribution of this kind of taxes in the proportion prescribed to each town, city, village, school, and "other tax district" in which said shares of stock shall be taxable. The tax law, supra (section 2), defines a "tax district" as "a political subdivision of the state, having a board of assessors authorized to assess property therein for state and county taxes." It is urged that village and school districts do not come within that definition, because not having officials authorized to assess for state and county taxes, and that, therefore, when the statute under consideration groups together "town, city, village, school and other tax districts," it does not intend the statutory "tax district" which would not include school and village districts, and make appropriate the word "other" after their enumeration. Then this proposition is followed by the second one, that if the term "tax district" is not employed in its strict and statutory sense, we should give to it a meaning broad enough to include the county of Oneida as a district entitled to tax moneys. If school and village districts are not statutory "tax districts," it was not entirely accurate to follow their enumeration by the words "other tax district," by the latter words meaning the statutory tax district. Still in construing the statute it is doubtless our duty, if possible, to overlook this inaccuracy, in order to give effect to the intent of the Legislature. Except for the reference to the school and village districts, there would be no doubt that the latter by the general term "tax district" intended the one defined by statute; and, taking into account the entire provision now under review, we think the only effect of coupling together school, village, and "other tax districts" was to so modify the statutory definition of the latter term in reference to school and village districts as to include these, even though they did not strictly conform to that definition.

The proposition that we should interpret out of the statute the statutory definition of "tax district" is weighed down by the supplementary one that we should then so construe the latter term as to include a county. It seems to us very clear that the entire scheme of the law would be violated by such an interpretation and disposition, and that it should not be made.

The plaintiff should have judgment, as demanded, for the sum of $8,734.45, with interest from November 1, 1903, together with costs.

Judgment ordered for plaintiff in the sum of $8,734.45, with interest from November 1, 1903, together with costs. All concur.