(170 App. Div. 227)

PEOPLE ex rel. CITY OF TONAWANDA v. FITZHENRY et al., County Sup'rs.

(Supreme Court, Appellate Division, Fourth Department.    December 1, 1915.)

1. MANDAMUS ☜121—TAXATION ☜913—DISPOSITION OF TAXES COLLECTED— RIGHTS OF COUNTIES AND CITIES—ACTIONS—PROPER REMEDY.

Where taxes collected by the county, and by statute made payable to the city, are converted by the county to its use, the city may by action seek a refund of the taxes, or in some cases it may also proceed by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 255; Dec. Dig. ☜121; Taxation, Cent. Dig. §§ 1746–1750; Dec. Dig. ☜913.]

2. MANDAMUS ☜121—CERTIFICATION OF TAXES—NATURE OF DUTY—EFFECT ON REMEDY.

The duty of the county supervisors to certify taxes is purely ministerial, so that, so far as the character of the act sought to be compelled is concerned, mandamus is the proper remedy to enforce a certification of taxes.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 255; Dec. Dig. ☜121.]

3. MANDAMUS ☜3—WHEN PROPER—NATURE OF ACTS COMMANDED—PAST DUTIES.

Where the parties have an adequate action at law, but seek by mandamus to compel the performance of a past duty, the writ should be denied.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8, 10, 11, 16–34; Dec. Dig. ☜3.]

4. MANDAMUS ☜121—DISPOSITION OF TAXES COLLECTED—CONVERSION OF MONEYS—EFFECT.

That taxes collected for the city by the county have been diverted to its own use and disbursed does not alone afford legal ground for denying an application for mandamus to compel the certification of taxes to the city, entitled by statute to receive them, but it may be a circumstance adding grounds for such refusal.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 255; Dec. Dig. ☜121.]

5. MANDAMUS ☜143—CERTIORARI—WHEN INVOKED.

Under the rule that certiorari is not applicable beyond a four-month limitation, the similarity of mandamus to certiorari provides ground for refusing the writ of mandamus beyond that limitation on the ground of laches.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 282–285; Dec. Dig. ☜143.]

6. MANDAMUS ☞159—PEREMPTORY WRIT—QUESTIONS OF FACT—PROPRIETY OF WRIT.

Where the answer to an application for a peremptory writ of mandamus raises the issue of laches, the question presented is one of fact, and the writ to be granted may be alternative, but cannot be peremptory.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 324, 325; Dec. Dig. ☞159.]

Appeal from Special Term, Erie County.

Application by the People, on the relation of the City of Tonawanda, against James W. Fitzhenry and others, as Supervisors of the County of Erie, for a peremptory writ of mandamus. From an order of the Supreme Court, directing that the writ issue, defendants appeal. Reversed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Carleton H. White, of Buffalo, for appellants.
Seward H. Millener, of Buffalo, for respondent.

LAMBERT, J. This proceeding seeks to compel the board of supervisors of the county of Erie to convene and pass a resolution directing the county treasurer of the county of Erie to pay to the city of Tonawanda the sum of $2,840.53, which sum represents taxes upon the capital stock of the First National Bank of Tonawanda, collected during the years 1908 to 1913, inclusive, less the fees of the county treasurer, and plus interest from the respective dates that same was received in such treasury.

The county of Erie, like many other counties throughout the state, seems to have misconstrued the provisions of the tax law relating to bank taxes and deemed itself entitled to retain moneys received from that source. The right to these taxes is regulated by section 24 of the Tax Law (Consol. Laws, c. 60). Under the construction given that statute in City of Utica v. Board of Supervisors, 109 App. Div. 189, 95 N. Y. Supp. 839, and similar cases, the city of Tonawanda claims these moneys.

[1] The question arises upon this appeal as to the procedure. The appellant contends that mandamus is inappropriate, and that, if appropriate, it should have taken the form of alternative mandamus, rather than peremptory. The history of the law involving the right of the city to these moneys is very fully and comprehensively discussed in City of Buffalo v. County of Erie, 88 Misc. Rep. 591, 151 N. Y. Supp. 409, affirmed at this term, 156 N. Y. Supp. 73. That case is identical with this in its essentials; the one seeking restitution to the city of Tonawanda, and the other to the city of Buffalo. The respective counsel have adopted different roads to the same end. In the Buffalo Case the remedy is sought by action, and in this case by mandamus. That action is an appropriate remedy seems to be settled. Strough v. Board of Supervisors, 119 N. Y. 212, 23 N. E. 552; Woods v. Board of Supervisors, 136 N. Y. 403, 32 N. E. 1011. It seems equally well established that, under some circumstances, mandamus is also proper. People ex rel. v. Owens, 110 App.

Div. 30, 96 N. Y. Supp. 1054; People ex rel. v. Cobleskill, 140 App. Div. 769, 126 N. Y. Supp. 259.

[2] There is no obstacle in the way of allowing mandamus, arising through the character of the statutory duty of the supervisors, to make a certificate. People ex rel. v. Cobleskill, above referred to, decides that the duty of making such a certificate is purely ministerial and involves no judicial function, so that, so far as the character of the act sought to be compelled is concerned, mandamus is proper.

[3] As a practical proposition, however, it is best that the application of mandamus should be limited to those instances where it is sought to enforce a present duty, as distinguished from one arising years since. If the board of supervisors should this year fail to make a proper certificate, they might well, upon timely application, be compelled by mandamus to do it, and with perfect propriety. But when their failure to make the certificate occurred years since, courts should be hesitant to compel such action by mandamus at such late day, but should leave the parties to the adequate action of law. While this record does not disclose the state of finances of the county, nor indicate what has become of the particular moneys involved, it may perhaps be assumed that the moneys in question have gone into the general fund and been diverted to other purposes. It is not made to appear but that present disbursement by the treasurer would involve taking for that purpose moneys not properly applicable thereto. It may be that a tax levy will be essential to properly meet the situation created by the assertion of this claim, and hence the speedy justice sought by mandamus quite likely would involve and embarrass the orderly management of the finances of the county.

[4] It is true that, even if the moneys have been diverted, that circumstance in and of itself affords no legal ground for denying this application. People ex rel. v. Owens, 110 App. Div. 30, 96 N. Y. Supp. 1054. But if a reversal may be properly predicated upon other grounds, the possible disruption of the orderly management of the county finances may afford additional logical reason for the denial of the application.

[5] There seems to be no statutory limitation upon the right to mandamus, but the courts have frequently asserted that, because of the similarity between this writ and that of certiorari, the four-month limitation applicable to certiorari may be properly applied to mandamus. This reasoning does not lie in statutory limitations, but rests upon the doctrine of laches. People v. Greene, 87 App. Div. 346, 84 N. Y. Supp. 565; Matter of McDonald, 34 App. Div. 512, 54 N. Y. Supp. 525. It would seem, therefore, that this application may be denied upon the ground of laches, in that the application was delayed for so long a time after the right to the writ arose. In furtherance of a proper practical result, that doctrine may be here applied without harshness, thus leaving the city to its remedy by action. This will afford the county opportunity to make preparation for the payment of these moneys, in case it is necessary. Except where good excuse for the delay appears, the rule should be that these applications for mandamus, unless brought promptly and when the duty sought to be enforced is present in character, will be denied.

[6] Further, the propriety of peremptory mandamus in this case is doubtful. The answer raises the issue of laches, and, like the defense of the statute of limitations, such presents an issue of fact, to be determined as such from the evidentiary facts in the case. With such issue of fact presented, the writ should in any event have been alternative, rather than peremptory, even assuming mandamus to be appropriate.

The order appealed from should be reversed. All concur.

Order reversed, with costs, and motion denied, with $50 costs and disbursements.