(93 Misc. Rep. 645)

### CITY OF NEW YORK v. SCHOENECK et al.

(Supreme Court, Special Term, Albany County. February, 1916.)

1. TAXATION ⟨=⟩450(2)—EQUALIZATION—STATE BOARD—BANK STOCK.

Under Laws 1915, c. 729, directing the levy of a state tax on each dollar of real and personal property of the state subject to taxation, and Tax Law (Consol. Laws, c. 60) § 24, providing the manner of assessment of bank shares and rate of tax imposed, and section 61, relating to form in which a statement of valuations shall be forwarded by the department of taxes and assessments, providing for a certain classification of the aggregate assessed valuations, which classification does not include a specific class covering shares of bank stock, the statement prepared by the state board of equalization of the aggregate amounts of assessments, to be transmitted to the state comptroller as a basis for computation of the state tax, properly includes the assessed valuations of bank stock.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 801; Dec. Dig. ⟨=⟩450(2).]

2. MANDAMUS ⟨=⟩117—SUBJECTS OF RELIEF—TAXATION.

Mandamus is the proper remedy on behalf of the city of New York to exclude from the statement by the state board of equalization of assessments, on which the state tax is to be computed, the assessed value of bank stock.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 249; Dec. Dig. ⟨=⟩117.]

3. TAXATION ⟨=⟩450(4)—EQUALIZATION—STATE BOARD—INTEREST OF CITY.

The city of New York has a legal right to have the question as to legality of the acts of the state board of equalization determined by the courts.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 804; Dec. Dig. ⟨=⟩450(4).]

Application by the City of New York for a peremptory writ of mandamus to Edward Schoeneck and others. Denied.

Lamar Hardy, Corp. Counsel, of New York City (William H. King, of New York City, of counsel), for applicant.

E. E. Woodbury, Atty. Gen. (Edward G. Griffin and Harold J. Hinman, Deputy Attys. Gen., of counsel), for state board of equalization and state comptroller.

RUDD, J. The city of New York, upon the affidavit of Robert B. McIntyre, supervising statistician and examiner in the bureau of municipal investigation and statistics in the department of finance, asks the issuance of a peremptory writ of mandamus requiring the state officers constituting the state board of equalization to reconvene as such board and prepare a revised statement of the aggregate amounts of assessments for each of the counties of Bronx, Kings, New York, Queens, and Richmond, which counties comprise the city of New York, which revised statement shall include the assessed valuations of real property as equalized by the board of equalization and assessed valuations of personal property *exclusive of the assessed valuations of bank stock for the year 1914 for each of the above-named counties,* and that the said board of equalization be directed to transmit to the state

⟨=⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

comptroller such revised statement and the state comptroller of the state of New York be directed to compute the state tax for 1915 imposed pursuant to chapter 729 of the Laws of 1915, based upon such revised statement for the above-named counties.

The revision of the statement for which the city of New York petitions consists of the exclusion from the statement of the assessed valuations of bank stock for the year 1914 for each of the counties named. At a session of the state board of equalization held September 10, 1915, the board fixed the rate of equalization of valuations of real property for the counties comprised in the city of New York, and also made a statement of the "total equalized value of real property and assessed value of personal property, *including assessed value of bank stock*" for 1914, upon which the state tax for 1915 was to be and since has been computed and levied.

The city of New York complains that the inclusion by the state board of equalization of the assessed value of bank stock upon which the counties comprising the city of New York have collected a tax in accordance with the law is illegal, that such assessed value of bank stock is not subject to a state tax, that such tax can only be fixed upon the aggregate assessed value of the real and personal property exclusive of the assessed value of bank shares, and that because of such illegal inclusion in the aggregate amount reported by the state board of equalization to the state comptroller the counties comprising the city of New York are called upon to pay as a state tax illegally and improperly the sum of $616,608.97.

The levying of a state tax was directed by chapter 729 of the Laws of 1915, which provides:

"There shall be imposed, for the fiscal year beginning on the first day of October, nineteen hundred and fifteen, *on each dollar of real and personal property of this state subject to taxation, taxes for the purposes hereinafter mentioned.*"

The purposes are not material in the consideration of the question here. Section 174 of the Tax Law (Consol. Laws, c. 60) provides as follows:

"The state board of equalization shall meet in the city of Albany on the first Tuesday in September in each year, for the purpose of examining and revising the valuations of real and personal property of the several counties as returned to the state board of tax commissioners, and shall fix the aggregate amount of assessment for each county, upon which the comptroller shall compute the state tax."

The city of New York claims that because section 61 of the Tax Law, relating to the form in which a statement of valuations shall be forwarded by the department of taxes and assessments, provides for a certain classification of the aggregate assessed valuations of personal property, which classification does not include a specific class covering shares of bank stock, that therefore such an item is not officially returned by the department of taxes and assessments to the state board of tax commissioners, and that therefore the state board of equalization has no power to take official recognition of bank shares as included in the "personal property of the several counties *as returned* to the state tax commission."

[1] It clearly seems that the classification set forth in section 61 of the Tax Law does not justify such a conclusion. The state board of tax commissioners, under section 61 of the Tax Law, prepared blank forms specifically calling for the "total assessed value of personal property including bank stock," and the petition herein shows that the city of New York, through its tax department, used the form prepared by the state board of tax commissioners and gave the information called for, certifying the same, and it would therefore seem that the city did make return of the same to the state board of tax commissioners.

There is no question but that under the law bank shares are personal property, and it is also certain under the law that bank shares are subject to taxation. The state tax is imposed upon all real and personal property subject to taxation. Section 24 of the Tax Law provides the manner of the assessment of bank shares and the rate of tax imposed upon such assessment as follows:

"The rate of tax upon the shares of stock of banks * * * shall be one per centum upon the value thereof, as ascertained and fixed in the manner hereinbefore provided, and the owners of the stock of banks and banking associations shall be entitled to no deduction from the taxable value of their shares because of the personal indebtedness of such owners, or for any other reason whatsoever. * * * The said tax shall be in lieu of all other taxes whatsoever for state, county or local purposes upon said shares of stock, and mortgages, judgments and other choses in action and personal property held or owned by banks or banking associations the value of which enters into the value of said shares of stock shall also be exempt from all other state, county or local taxation."

The total assessed value of personal property including bank stock reported for the city of New York was $703,006,714.42; the total assessed value of bank stock was $362,711,154.42. Upon this last item the tax imposed under section 24 of the Tax Law by the city of New York was $3,627,111.54. Between the provisions of the law relating to the imposition of a direct tax as fixed upon the assessed value of all real property as equalized and upon assessed valuations of personal property returned by the localities, in which are included shares of bank stock, and the provisions of section 24 of the Tax Law with reference to the manner of determining the value of bank shares and the imposition of a tax of 1 per centum upon such value, with no deductions for debts or obligations against the holders of said shares, there is no conflict.

The direct tax imposed by the law of 1915 of 1.7 mills upon all real and personal property upon the assessment rolls of the counties of the state is not an imposition of a tax upon the shares of bank stock as such. In fact the tax imposed upon the shares of bank stock is not increased or modified to the slightest extent by the imposition of the state tax. For state purposes the Legislature imposed what is known as a direct tax, and the act provided that it should be at the rate of 1.7 mills upon all the real and personal property of the respective localities. In effect it results in the counties comprising the city of New York contributing out of the $3,627,111.54 realized by the counties from the tax of 1 per centum upon the bank shares the sum of $616,-608.97.

[2] The relief sought here by a writ of mandamus is proper in form, and the city of New York cannot, or at least should not, be charged with laches.

[3] It also clearly appears to this court that the city of New York has a legal right, being a municipal corporation, to have the question determined as to the legality of the acts of the state board of equalization. The question should be determined upon the merits and that is the purpose of the Special Term.

The same question in effect has been passed upon by the Court of Appeals. People ex rel. City of Geneva v. Board of Supervisors, 188 N. Y. 1, 80 N. E. 381. In that case a peremptory writ of mandamus was sought to compel the board of supervisors to issue to the city of Geneva a certificate which would omit from the amount of taxes to be levied upon the city by the board of supervisors any amount assessed upon the bank shares of two banks located within the city of Geneva. The writ was denied.

That case was a consideration of the acts of the county board of equalization. The question here relates to the acts of the state board of equalization. The facts are slightly different. The principle is the same. The Geneva Case controlled the state board of equalization, it guided the Attorney General in the opinion which he reached upon the question here involved, and it seems clearly to be controlling upon this court.

The motion for a peremptory writ of mandamus is denied, with costs.

Motion denied, with costs.