COUNTY OF ERIE, Respondent, *v.* TOWN OF TONAWANDA, Appellant.

*Municipal corporation — county — liability for acts of treasurer and supervisors — right to recover from town moneys erroneously paid to it.*

Appeal by the defendant, Town of Tonawanda, from a judgment in favor of the plaintiff, entered in the office of the clerk of Erie county June 29, 1916, overruling a demurrer interposed by the defendant to the amended complaint.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal. All concurred, except De Angelis, J., who dissented in an opinion.

DE ANGELIS, J. (dissenting): The action was brought to recover certain moneys collected through the agency of the board of supervisors and the county treasurer of Erie county, received by such county treasurer, belonging to the city of Tonawanda, in the county of Erie, and erroneously paid over by the county treasurer, to the defendant, the town of Tonawanda, in the years 1909 to 1913, inclusive, pursuant to warrants erroneously issued by such board of supervisors, directing such payments. For each of such years pursuant to section 24 of the Tax Law* the tax on the shares of the First National Bank of the city of Tonawanda was duly assessed and collected by the county treasurer. The city of Tonawanda is situated in the town of Tonawanda, in the county of Erie. The city of Tonawanda is and was during all such time a tax district, and all the moneys so collected belonged to such city and should have been paid into its treasury. (*City of Utica v. Board of Supervisors*, 109 App. Div. 189; *People ex rel. City of Geneva v. Board of Supervisors*, 188 N. Y. 1.) This proposition is conceded. In the warrant issued by the board of supervisors pursuant to this provision of the Tax Law, the supervisors erroneously directed the county treasurer to pay the moneys sought to be recovered in this action to the defendant, the town of Tonawanda. The demurrer attacks the complaint as not stating facts sufficient to constitute a cause of action, and on the further ground that the plaintiff has not legal capacity to sue. The action is brought by the county of Erie, which is a municipal corporation of a limited nature, and is also a political division of the State with a governing body exercising governmental powers, known as the board of supervisors. The county treasurer is the treasurer of the county, both in its capacity as a municipal corporation and in its capacity as a governmental agency. This officer does not possess the functions of the treasurer of a municipality like a city. He receives, holds and in some cases invests moneys that do not belong to the county and in which the county has no interest. In what capacity were the board of supervisors and the county treasurer acting in the collection and payment of these moneys? Were they the agents of the county as a municipality, or agencies of the county as a government exercising

---

* See Consol. Laws, chap. 60 (Laws of 1909, chap, 62), § 24.— [REP.

their powers for the benefit of the district or districts whose moneys they were engaged in collecting? I think we must say in the latter capacity. If that is so there is no principle of law which would make the county as a municipality liable to respond for their mistakes. I think these views are sustained in *Dewey* v. *Supervisors of Niagara County* (62 N. Y. 294) and *Markey* v. *County of Queens* (154 id. 675). In these cases the distinction between the municipal function and the governmental function of the board of supervisors and the county treasurer is clearly pointed out. I think that it will be found that in the several cases where a county has been held liable as for money had and received the county had received and retained the benefit of the money. In *Newman* v. *Supervisors of Livingston County* (45 N. Y. 676) it appears in the opinion of the court, at page 682, that the money sought to be recovered had been appropriated and expended for the use of the county. In *Bridges* v. *Board of Supervisors of Sullivan County* (92 id. 570) it appears in the opinion of the court, at pages 579 and 580, that the moneys specifically given to the town by the statute had been appropriated by the county to its own use. In *Strough* v. *Board of Supervisors* (119 id. 212) it appears in the opinion of the court, at page 219, that the county had applied the money towards the discharge of county obligations. In *Crowninshield* v. *Supervisors of Cayuga County* (124 id. 583) it appears that the county treasurer had used the moneys in the payment of State taxes and county indebtedness; and in *Peirson* v. *Supervisors of Wayne County* (155 id. 105) it appeared that the county had used the money to pay its own debts. In *Gray* v. *Supervisors of Tompkins County* (26 Hun, 265) it was held that the county could not be held liable for the wrongful conversion of trust funds by the county treasurer. I do not think that our decisions in *People ex rel. City of Tonawanda* v. *Fitzhenry* (170 App. Div. 227) and *City of Buffalo* v. *County of Erie* (171 id. 973) should necessarily commit us to an affirmance of the judgment and order appealed from herein. If the foregoing views are correct, the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs.