The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This is in response to your request for an opinion on whether a regional solid waste management board has the authority to levy a "host fee" on landfill owners operating in the district. You note that the Southwest Arkansas Regional Solid Waste Management Board voted to assess a fifty cent per ton "tipping fee" on solid waste disposed of within that district. It is my understanding that this fee will be imposed on landfill owners operating in the district on solid waste deposited in their respective landfills.
It is my opinion that the law is not entirely clear on this issue. The particular phrasing of the relevant statute may not contemplate imposition of the type of fee you describe. A definitive answer to this question, however, will require involvement of the judiciary.
Section 8-6-714(a) (Supp. 1991) of the Arkansas Code provides that: "A regional solid waste management board may fix, charge, and collect rents, fees, and charges for the disposal, treatment, or other handling of solid waste by the district." In my opinion it is unclear whether this provision authorizes the charging of fees only when the disposal, treatment or handling of solid waste is undertaken and provided by the regional board, or whether it also authorizes the collection of fees, such as the one you describe, where the board or board employees are not actually providing the services in question.
The statute authorizes the charging of fees for the disposal of solid waste "by the district." The relevant question is whether the phrase "by the district" refers to the disposal, treatment, or handling of solid waste through the means, act or instrumentality of the district, or whether "by the district" should be construed as referring to the disposal of any solid waste "in the district."
Ordinarily, the word "by" means through the means, act or instrumentality of. U.S. Fidelity Guaranty Co. v. IndustrialCommission of Colorado, 96 Colo. 571, 45 P.2d 895 (1935). It has also been held, however, that where the primary signification of language expresses a relation to place, the word "by" should be construed interchangeably with the word "in." Village of ElmiraHeights v. Town of Horseheads, 140 Misc. 147, 250 N.Y.S. 50
(1931). The "district" is a geographic area governed by a "solid waste management board." See A.C.A. §§ 8-6-702(6), -703(a) and14-166-202. The technical definition of the term "district" does not encompass a separate legal entity authorized to treat, handle, or dispose of solid waste. The legislature, however, in other related statutes has used the term "district" in this sense. See A.C.A. §§ 8-6-705 (Supp. 1991) (PCE may award grants to the "districts"); 8-6-711 ("districts" may own and acquire solid waste facilities); and 8-6-712(b) ("districts" shall issue rules and regulations).
It is therefore my opinion that the language of the relevant statute could be construed one of two ways. It may be contended, under the language of Village of Elmira, supra, that the board would have authority to collect a "host fee" on solid waste disposed of "in the district." It may also be contended, however, that the language of the statute authorizes the board to levy and collect fees only for the disposal or other handling of solid waste "by the district;" meaning when the board or district takes some action or provides some service relative to the solid waste. This authority may therefor not extend to the levy and collection of "host fees" on solid waste disposed of within the district.[1] A conclusive determination would have to be made by a court of competent jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that two state statutes levy similar fees for specific purposes. See A.C.A. § 8-6-606, levying a fee for the "Solid Waste Management and Recycling Fund," and A.C.A. §8-6-1003, as amended by Act 1127 of 1993, levying fees for the "Landfill Post-Closure Trust Fund."